## ANDREWS v. CALLOWAY.

1. PRACTICE IN SUPREME COURT. *Finding of Chancellor.*
   In an action on a promissory note, the proof showed that the note as originally drawn was non-negotiable in form, and that after it became due, the words "or bearer," were interlined after the name of the plaintiff, who was the payee, The only evidence that the interlineation was made by the plaintiff, was the presumption to that effect, raised by the fact that he was the custodian of the note. This was repelled by his own testimony, and the circuit judge, sitting as chancellor, found, as a jury

Andrews v. Calloway.

had previously done in the same action, that the interlineation was not made by the plaintiff. *Held:* That such finding would not be disturbed.

2. ALTERATION OF INSTRUMENTS : *Interlineation by stranger.*

The alteration of an instrument by a stranger—as by interlining the words " or bearer " after the payee's name in a promissory note—has no effect upon the rights or liabilities of the parties.

APPEAL from *Nevada* Circuit Court in Chancery.
C. E. MITCHELL, Judge.

C. C. *Hamby*, for appellants.

The alteration of the note by inserting the words " or bearer " was *material* and rendered the instrument void. 5 *Ark.*, 378 ; 27 *Id.*, 108 ; *Dan. on Neg. Instr., vol,* 2, *sec.* 1375 ; 6 *Wall.*, 80.

The presumption is that the holder of the note made the alteration, and the burden is on him to explain it and rebut the presumption by showing it was a *spoilation.* 10 *Mo.*, 349 ; 13 *Pick.*, 165 ; 46 *Iowa*, 221.

*Atkinson & Tompkins*, for appellee.

1. The alteration of a note by a stranger, without the privity of the holder, does not avoid it. 2 *Parsons on Cont., 6th Ed., pp.* 716, 717, *note M.*; 35 *N. J.*, 227 ; 2 *Dan., Neg. Inst., 3d Ed., sec.* 1373 *a* ; 57 *N. Y.*, 513 ; *Gr. Ev., sec.* 566, *Redf. Ed.*; 9 *B. Mon.*, 25 ; 48 *Am. Dec.*, 412 ; 2 *Mason*, 482 ; 8 *Mo.*, 235 ; 40 *Am. Dec.*, 135.

COCKRILL, C. J. The appellee instituted his action at law against the appellants to recover of them as makers of a promissory note. The defence was *non est factum.* A verdict for the plaintiff was set aside by the court, and the cause was transferred to the chancery docket to give

the defendants the benefit of an equitable defence which they set up in an amended answer.

The court found the issues for the plaintiff and caused judgment to be entered for him against all the defendants.

Upon the issue of *non est factum*, the proof showed that the note as originally drawn was non-negotiable in form, but that after it became due, the words "or bearer" were interlined after the name of the payee. The interlineation was not in the handwriting of the payee, who was the plaintiff, and he testified that he knew nothing whatever about it, and that it was not made by his procurement or with his knowledge or consent. It was not shown by whom it was made. The circuit judge, sitting as chancellor, found that the interlineation was a spoliation, or mutilation of the note by a stranger. If the plaintiff's testimony is true, the interlineation did not alter the legal effect of the note, whether the change should be regarded as material or not, for it is now the settled doctrine of the courts that an alteration of an instrument by a stranger (an act commonly called spoliation), has no effect upon the rights or liabilities of the parties. 1 *Greenl. Ev.*, sec. 566; 2 *Daniel Neg. Instr.*, sec. 1373 *a*; *U. S. v. Spaulding*, 2 *Mason*, 478; *Union National Bank v. Roberts*, 45 *Wisc.*, 373; *Brooks v. Allen*, 62 *Ind.*, 401; *Langenberger v. Kroeger*, 48 *Cal.*, 147.

The defendants' answer did not charge that the change in the instrument was made by the plaintiff. The only evidence that it was made by him is the presumption to that effect raised by the fact that he was the custodian of the note. *Inglish v. Breneman*, 5 *Ark.*, 377. He is an old man and testified fully and with apparent frankness. He convinced first a jury and then the chancellor of the truthfulness of his position. They regarded the *prima*

*facie* case as overcome by his testimony. We decline to interfere with the finding.

The preponderance of the testimony is with the finding of the court upon the other issues involved, and as only questions of fact are presented it is useless to discuss them.

Affirm.