(156 App. Div. 307.)

### HAMILTON TRUST CO. v. SHEVLIN (two cases).

(Supreme Court, Appellate Division, Second Department.· April 11, 1913.)

1. GUARANTY (§§ 27, 36*)—CONTRACTS—CONSTRUCTION.

    A guarantor is bound only by the strict letter or precise terms of his contract. Consequently, where one guaranteed loans to be made to five persons, the guarantor is not -liable for loans made to them as individuals; the' guaranty being applicable to loans made jointly.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 28, 38–45; Dec. Dig. §§ 27, 36.*]

2. EVIDENCE (§ 448*)—PAROL EVIDENCE—AMBIGUITY.

    Where defendant executed an agreement in writing, stating that five named individuals had received from plaintiff certain sums of money, and that, as they intended to ask further loans, defendant guaranteed the same, parol evidence of surrounding facts and circumstances is inadmissible to explain the intent of the instrument; it being unambiguous on its face.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 448.*]

3. GUARANTY (§ 36*)—CONTRACTS—CONSTRUCTION.

    Defendant executed a contract of guaranty, reciting that, as the five principals named had borrowed various sums from plaintiff and expected to borrow other sums, defendant guaranteed the payment of the loans already made and all other loans which might be made to the said parties. *Held* that, though the prior loans had not been made to all of the principals named, the use of the term "said parties" and the addition

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of other principals conclusively limited the guaranty of subsequent loans to those made jointly.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

**4. PLEADING (§ 8*)—DECLARATION—CONCLUSIONS OF LAW.**

In an action on a guaranty given to secure loans to be made to five named persons, allegations that the agreement was given to secure the loans in suit, and to guarantee their payment and that of all other loans that might be made to the parties named therein, or either of them, and that such loans were for the benefit of the defendants, were mere conclusions of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

**5. PLEADING (§ 214*)—DEMURRER—EFFECT.**

Where a written contract is set forth at length in the complaint, a demurrer thereto does not admit any construction put upon it by the pleader, nor the correctness of any inference drawn by him from the facts alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

**6. PLEADING (§ 225*)—DEMURRERS—AMENDMENTS.**

Leave to plead over after a demurrer has been sustained is not a matter of absolute right, but of favor, and where plaintiff had twice before attempted to state a cause of action, but without success, it was not an abuse of discretion for the court to refuse an amendment upon the sustaining of the last demurrer; it appearing that this course would not bar plaintiff from commencing a new action, and that plaintiff had served no proposed amended complaint, from which the court might determine whether it had stated a good cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–583; Dec. Dig. § 225.*]

**7. PLEADING (§ 225*)—DEMURRER—AMENDMENTS—LEAVE.**

Where plaintiff was denied leave to file an amended complaint after a demurrer was sustained, a second application for leave should be denied, where no permission had been given to renew the same.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–583; Dec. Dig. § 225.*]

**8. GUARANTY (§ 27*)—CONSTRUCTION BY PARTIES.**

Defendant executed a written instrument reciting that plaintiff had made loans to five persons, who expected to secure further loans, and that defendant guaranteed those and future loans to said parties, not exceeding a fixed amount. Securities which had been deposited with plaintiff for individual loans to two of the five principals were delivered with the consent of defendant. *Held*, that defendant's consent to the release of these securities could not be taken as a practical construction upon his part extending the guaranty to individual loans; it not appearing that he knew securities were given for individual loans.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. § 27.*]

Appeal from Special Term, Kings County.

Action by the Hamilton Trust Company against James Shevlin. From a judgment sustaining defendant's demurrer, and from orders denying plaintiff's motions for leave to further amend, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Frank Sullivan Smith, of New York City (Edward J. Connolly, of Brooklyn, on the brief), for appellant.

Augustus Van Wyck, of New York City, for respondent.

BURR, J. Plaintiff appeals from a final judgment, granted May 9, 1912, but not entered and filed until September 6th of the same year, which sustains a demurrer to its amended complaint upon the ground that it did not state facts sufficient to constitute a cause of action. It also appeals from an order made May 9, 1912, denying a motion for leave to serve a second amended complaint. Plaintiff also appeals from an order made December 24, 1912, denying a second motion for leave to serve a further amended complaint. As part of the relief then sought for, plaintiff asked that the judgment above referred to be vacated.

The amended complaint, declared insufficient by said judgment, set forth that on June 14, 1900, plaintiff loaned to John Keenan the sum of $65,000; that on February 1, 1901, it loaned to John McCarty the sum of $5,000; that on June 27, 1901, it loaned and advanced to Michael J. Coffey the sum of $10,000; and that on July 18, 1900, it loaned and advanced to Fred C. Cocheu the sum of $7,000. It further alleged that each of these loans matured and became payable prior to the commencement of this action, and prayed for judgment for the balance remaining unpaid upon these various loans, with interest from the dates of the maturity thereof. It states as the ground of defendant's liability that on December 20, 1899, he, together with one P. H. Flynn, executed and delivered an agreement in writing and under seal, in form following:

"Whereas, John McCarty, Michael J. Coffey, Fred C. Cocheu, Michael J. Kennedy, and John Keenan have applied for and have received from the Hamilton Trust Company certain sums of money, to wit, $50,000, on bonds of the Jersey City Water Supply Company, $70,000 par value, and $30,000 on the Guarantee Trust Company certificates of the Nassau Electric Railroad, $35,200 par value; and

"Whereas, the said parties intend to ask from the said Hamilton Trust Company for other loans from time to time, not to exceed in the aggregate the sum of $250,000:

"Now, therefore, this memorandum witnesseth that in consideration of the premises, and other good consideration, we, Patrick H. Flynn and James Shevlin, of the borough of Brooklyn, do hereby jointly and severally guarantee to the said Hamilton Trust Company, and its successors and assigns, the payment of the said loans already made as aforesaid, and all other loans which may be made to the said parties, to the sum of $250,000, with interest according to the terms of the said loan, to which guaranty and payment we hereby bind ourselves, our heirs and assigns."

It will be observed that the subject-matter of said agreement may be resolved into two parts—that which relates to loans previously made by plaintiff, amounting in the aggregate to $80,000, and that which relates to loans subsequently to be made by plaintiff, not to exceed in the aggregate $250,000. Each of the loans for which recovery is here sought falls within the latter class. The agreement of guaranty, construed apart from any circumstances surrounding its execution, clearly

contemplates liability on the part of the obligors for loans made to five persons jointly, and not a loan or loans made to one or more of them individually. An analysis of its provisions demonstrates this. The first paragraph, which relates wholly to loans then existing and which have since been paid, except as the recital therein may throw light upon the subsequent provisions thereof, is of no materiality. The second paragraph begins as follows: "Whereas, the said parties," etc. To ascertain to whom reference is made, we must look to the parties previously named, and, substituting for the words "said parties" the proper names used in the preceding clause, the agreement then reads:

"Whereas, John McCarty, Michael J. Coffey, Fred C. Cocheu, Michael J. Kennedy, and John Keenan intend to ask from the said Hamilton Trust Company for (sic) other loans from time to time," etc.:

"Now, therefore, we do hereby jointly and severally guarantee to the said Hamilton Trust Company the payment of all other loans which may be made to the said parties," etc.

The words "said parties" must necessarily refer to those previously named, with like effect as if the names had been repeated.

[1] The rule is well settled that a guarantor is bound only by the strict letter or precise terms of his contract, and that the claim against him is strictissimi juris. Creamer v. Mitchell, 162 N. Y. 477, 56 N. E. 977; Guardian Trust Co. v. Peabody, 122 App. Div. 648, 107 N. Y. Supp. 515, affirmed 195 N. Y. 544, 88 N. E. 1120. So a guaranty given for advances to be made to a firm will not cover advances made to individual members thereof. De Colyar's Law of Guarantees (3d Ed.) 291; Brandt on Suretyship (3d Ed.) § 134; Cremer v. Higginson, 1 Mason, 323, Fed. Cas. No. 3,383. In that case the guaranty was in the form of a letter, as follows:

"The object of the present letter is therefore to request you, if convenient, to furnish them" (Messrs. Stephen and Henry Higginson) "with any sum they may want, as far as fifty thousand dollars. * * * We shall hold ourselves answerable to you for the amount."

In that case Justice Story, in charging the jury, said:

"If there be anything clear in this case, it is that the advances are to be made to Stephen Higginson, Jr., and Henry Higginson, then copartners in trade, under the firm of S. & H. Higginson. It follows, therefore, that it covers only advances made to them jointly on their joint credit, and not advances made to them severally upon their several credit. Unless, then, it shall be completely established that the advances were made on the joint account of the firm, there is an end of the plaintiffs' case."

So, also, it has been held that a guaranty for advances to be made to a firm will not apply after change in the membership thereof (Burch v. De Rivera, 53 Hun, 367, 6 N. Y. Supp. 206; Penoyer v. Watson, 16 Johns. 100), nor will a guaranty to pay for supplies furnished by an individual apply to supplies furnished by a firm of which he is a member (Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247; Holmes v. Small, 157 Mass. 221, 32 N. E. 3). As the court said in Barns v. Barrow, supra:

"No person can be added to or subtracted from the apparent number."

After naming certain persons, defendant guaranteed to pay loans made to them, describing them as "said parties." As Lord Ellenborough said in Strange v. Lee, 3 East, 484:

"Now, who are 'them,' but the persons before named?  *  *  *  The words will admit of no other meaning."

[2] Appellant, while conceding that, when the subject of the contract is finally ascertained, a guarantor has the right to this strict construction, contends that, in determining what is the subject thereof, the contract should be fairly construed according to the reasonable rules for the interpretation of contracts. Ulster County Savings Inst. v. Young, 161 N. Y. 23, 55 N. E. 483; Guardian Trust Co. v. Peabody, supra. But, when the words of a written contract under seal are unambiguous, parol evidence of surrounding facts and circumstances is not admissible. Henry McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880. That may not be interpreted which requires no interpretation. We hold this contract to be of such a character.

[3] But, if otherwise, the allegations contained in the complaint under consideration are insufficient to justify any other construction. The only allegation of fact bearing upon the construction of the contract, outside of the written words thereof, is:

"That at divers times prior to the making of the said agreement loans had been made by plaintiff for various sums to each of four of the parties mentioned in said agreement, namely, the said McCarty, the said Coffey, the said Cocheu, and the said Kennedy."

There is no allegation that defendant knew of that fact, or that he had contracted with reference thereto. But if such were the case, inasmuch as, in addition to the said four parties, the contract of guaranty in naming the parties added a fifth, to whom no loan had been previously made, to wit, John Keenan, and then undertook the payment of loans to "said parties," if any inference is to be drawn from this circumstance, it is that defendant did not undertake to guarantee the payment of loans to individuals, but limited his liability to loans in which, not only the four persons named, but a fifth person, Keenan, should be liable as principals.

[4] The succeeding allegations that the "agreement was given to secure those loans," referring to the loans to the four individuals, "and to guarantee their payment and the payment of any other loans that might be made subsequent thereto to the said parties mentioned therein, or to any or either of them," and that such loans were "for the benefit of the defendants and with their knowledge, consent, and authority," and that the various loans specified were made "pursuant to the terms of said agreement and on the strength thereof and in reliance thereon," are neither of them allegations of fact, but conclusions of law.

[5] And the contract itself having been set forth at length in the complaint, a demurrer thereto does not admit any construction put upon said contract by the pleader, nor the correctness of any inference drawn by him from the facts alleged. Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659; Bonnell v. Griswold, 68 N. Y. 294; Hirsch v. New

England Navigation Co., 200 N. Y. 263, 93 N. E. 524. The judgment sustaining the demurrer was therefore properly granted.

[6] The order of May 9, 1912, denying a motion to serve a further amended complaint, was properly made. Leave to plead over after a demurrer has been sustained, while frequently granted, is not a matter of absolute right, but of favor. The discretion exercised by the court at Special Term in this instance was not improperly exercised. Twice, before plaintiff had attempted to state a cause of action against the defendant without success. No proposed second amended complaint was made a part of the motion papers, from which the court might determine whether plaintiff had finally succeeded in its effort. Plaintiff is not prejudiced by the denial thereof. The action being upon a sealed instrument, the statute of limitations has not run upon plaintiff's claim, if it has any (Code Civ. Proc. § 381), the judgment is not an adjudication upon the merits, and, if plaintiff has to pay the costs awarded thereby before commencing a new action, these are no greater in amount than are ordinarily imposed when permission to plead over is given.

[7, 8] We think, also, that the order of December 24, 1912, denying a second application to serve an amended complaint, should also be affirmed. Such a motion had been once made and denied, and no permission had been given to renew the same. But upon the merits this order was also properly made. In this instance a proposed amended complaint was made a part of the motion papers. This, also, we deem insufficient. The plaintiff does not seek to reform the agreement of guaranty on the ground either of mutual mistake or fraud. It does seek to set up certain alleged facts which it claims bear upon the construction and interpretation thereof. If we are right in our previous conclusion, such evidence would be inadmissible upon the trial. But, even if evidence of these facts should be admitted, it is insufficient to sustain plaintiff's contention. The additional facts set forth in the third proposed amended complaint are that the loans of $50,000 and $30,000, mentioned in the said agreement as having been made prior to the execution thereof, were individual loans made to one of the parties mentioned in the said agreement, to wit, the said Cocheu, and that defendant ratified and confirmed the said agreement by consenting in writing on February 8, 1902, to the release by plaintiff of certain securities which had been deposited with plaintiff for individual loans to Michael J. Coffey, and again in February, 1902, by consenting to the release of certain other securities deposited with plaintiff for individual loans made to John McCarty. There is no allegation that defendant knew of these facts, and he interposes an affidavit in opposition, asserting that he had no such knowledge.

But if we read that fact into the agreement, it does not enlarge its scope. It would then read substantially as follows:

"Whereas, Fred C. Cocheu has applied for and received from the Hamilton Trust Company certain sums of money, to wit, $50,000 and $80,000; and whereas, John McCarty, Michael J. Coffey, Fred C. Cocheu, Michael J. Kennedy, and John Keenan intend to ask from the said Hamilton Trust Company for other loans," etc.

And the contract of guaranty would then be to pay the loans already existing made to Cocheu, "and all other loans which may be made to the said parties." It well might be that defendant was willing, in view of the security deposited for the existing loans, to guarantee Cocheu's individual debt; whereas he would not be willing to guarantee future loans, which might be made with or without security, unless all of the parties named were liable as principals for the payment thereof. This we think was the clear intention. Again, defendant's consent to the release of certain securities held as indemnity for individual loans to Coffey and McCarty could not be deemed a practical construction upon his part of the terms of said agreement, to the effect that he would be responsible for any loan made to either of the parties up to the amount of $250,000. There is no suggestion that either of the loans for which recovery is sought in this action was among those for which such securities had been given; and, if it were the fact, there is no allegation that defendant knew that these loans had been made to Coffey and McCarty as individuals, and not to the entire number of persons for whom defendant became surety, each of whom would still remain liable for the payment thereof.

The judgment appealed from should be affirmed, with costs, and each of the orders above referred to should also be affirmed, with $10 costs and disbursements. All concur.