RICHARD C. HUNTER, TRUSTEE, APPELLANT, v. WILLIAM L. HUFFMAN ET AL., APPELLEES.

FILED JUNE 12, 1922. No. 22016.

1. **Guaranty:** CONSTRUCTION. The rule of *strictissimi juris* applies in determining the effect of a contract of guaranty. When the meaning of the contract is ascertained, or its terms are clearly defined, the liability of the guarantor is controlled absolutely by such meaning and limited to the precise terms.

2. ———: RELEASE. Where the principal contract, which is described and covered by the guaranty agreement, is, without the assent of the guarantors, materially changed or varied from such contract as it is described in such agreement, the guarantors will be released.

3. ———: ———. Where such changes in the principal contract are of such a nature that they can be said to be wholly immaterial, they will not effect a release of the guarantors' liability.

4. ———: ———. Where defendants, by written contract, agreed to guarantee the payment of a loan made to another and which was to run for six months, and the parties to the loan made it run for four months instead of six, without informing the defendants of the variation and without procuring the assent of the defendants to the change, *held*, that the variation in the principal

contract was a material one, and that the defendants could not be held to their guaranty.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*I. J. Dunn, J. E. Von Dorn* and *Richard C. Hunter,* for appellant.

*Frank H. Gaines* and *William H. Herdman, contra.*

Heard before MORRISSEY, C. J., ALDRICH and FLANS-BURG, JJ., REDICK, District Judge.

FLANSBURG, J.

This was an action to recover on a contract of guaranty, signed by the defendants, Huffman and Gordon, and purporting to guarantee a $5,000 note, payable by the Omaha Motor Car Company to Walter Moise. The case was tried without a jury. The court found generally in favor of the defendants, and the plaintiff appeals.

The defense is grounded upon the fact that the guaranty agreement purported to cover a note, to be payable in six months, and that Walter Moise, instead of taking a note payable in six months, in accordance with the terms of the guaranty contract, took a note payable in four months, and that the defendants, being entitled to a strict limita tion of their obligation, could not be held to be guarantors of a four-months' note.

It appears that the two defendants, Huffman and Gordon, together with one Henry, in February, 1912, organized a corporation known as the Omaha Motor Car Company. There is testimony to show that Walter Moise, immediately after the organization of this company, became connected with and had some interest in it, but none of the testimony definitely shows what that interest was. The testimony of the two defendants is to the effect that on March 20, 1912, which was a few weeks after the incorporation, Walter Moise came to the defendants and stated that he was about to make a loan to the company of $5,000, and that he and Henry, the president, had agreed upon the

details of the arrangement. The testimony of these de-
fendants shows that Mr. Moise presented to them the guar-
anty agreement, already prepared, which they signed.
That agreement is now the basis of this suit. The agree-
ment recited that the Omaha Motor Car Company had is-
sued to Walter Moise 50 shares of preferred stock and 25
shares of common stock as payment for the use of the loan
of $5,000, which was payable by the company to Walter
Moise in six months from the date of the loan. The agree-
ment further recited that Walter Moise and the two de-
fendants would divide equally the stock, or the proceeds
from the sale thereof, between them, and that the two de-
fendants, upon that consideration, would "further guaran-
tee that said loan of the Omaha Motor Car Company will
be paid to said Walter Moise when due."  Their testimony
is further to the effect that they were not present when
the loan was made by Moise through Henry, acting as its
president, nor when the note executed by Henry for the
company was given to Moise, and that they were never ad-
vised as to the terms of the note, and had never seen it un-
til it was introduced in evidence in this case. The note,
instead of being for six months, as is described in the guar-
anty agreement, was, by its terms, payable in four months.
Mr. Moise was deceased at the time of the trial, and his
testimony had not been preserved. Mr. Henry, the presi-
dent of the company, was not called as a witness. The
company became bankrupt and the note was never paid.

The plaintiff alleges in his petition that the guaranty
contract, through a mistake of the parties, was not drawn
to conform to their real agreement, and that the real agree-
ment between the parties was one to cover a loan for four
months, but there is very little, if any, testimony in the
record to support that allegation, and, in any event, the
finding of the trial court has resolved that issue, as well
as all other issues of fact, in favor of the defendants. The
finding of the trial court, in this case, carries the same
force as the verdict of a jury.

We must assume, then, as a premise, that the defendants

agreed to guarantee a loan which was to be repaid in six months, and that they were not informed that the loan actually made, and the one which their guaranty agreement was intended to cover, was made for four months, instead of six.

The plaintiff's contention is, first, that the obligation of the defendants was that of an original undertaking to repay the loan when due, and was not a guaranty that the company would pay it; and, second, that the variation between the time fixed for maturity of the loan actually made and the six-months loan described by the guaranty agreement is not a material variation, nor one which would be prejudicial to the defendants, and therefore could not release the defendants, even in event their obligation should be considered as that of guarantors.

We cannot agree with the contention that the obligation was an original undertaking and promise, and not a guaranty. The effect to be given to the contract depends on the intention of the parties as ascertained from the terms used in the contract, fairly construed in the light of the surrounding circumstances. The loan was to be made by Moise to the Omaha Motor Car Company and the obligation for the repayment of the loan was primarily that of the company. It seems to us clearly the intention of the parties, as gathered from the contract, and in light of the circumstances, that the contract was one of absolute guaranty whereby the defendants obligated themselves to pay, unconditionally, the amount of the loan in case of default of the motor car company. Their agreement was collateral to the loan and a guaranty of payment of it. By their agreement they were to receive a consideration. The nature of that consideration is no doubt material in solving the question as to whether or not the promise of the parties was original and direct, or whether it was collateral and a guaranty, but a consideration of some kind is essential to the validity of any contract, and the nature of the consideration for the agreement, in this case, does not necessarily

lead to the conclusion that the agreement was not a guaranty.

The terms of the guaranty being ascertained, the defendants were entitled to a strict compliance therewith. The effect of any material departure in the principal contract from the terms of such principal contract, as described in the guaranty agreement, if made without the consent of the guarantors, would be sufficient to release them. An immaterial change made in the principal contract, to which the guaranty is collateral, is not sufficient to release the guarantors (*Quinn v. Moss*, 45 Neb. 614; *Rawleigh Medical Co. v. Bunning*, 104 Neb. 179), but, where a departure is made in the principal contract which is a material change of the obligation which the guaranty contract describes, the guarantors will be released (20 Cyc. 1444; *Chandler Lumber Co. v. Radke*, 136 Wis. 495). The effect of the contract of guaranty, after its meaning is determined, must be strictly limited, within the meaning, in favor of the guarantors. Its terms cannot be extended by construction.

In *Chandler Lumber Co. v. Radke, supra,* the court, in speaking of the obligation of the guarantor, said: "As he ordinarily does not receive the benefit of the contract, but is a mere volunteer, he has a right to define exactly the conditions upon which he shall be responsible for the debt of another, and only upon compliance with those conditions can he be held to such liability. * * * While this rule was originally enforced with entire strictness, it is now subject to certain exceptions, * * * if the variation appear to be wholly immaterial and without prejudice to the surety's rights, it will be ignored. Of course, the principle remains that the surety may determine and specify the exact terms upon which he will be liable and has a right to stand upon those terms, and it is only when a court is able to say with certainty that an expression in the contract apparently declaring a condition of such liability is so immaterial to him and departure therefrom so necessarily without prejudice that it cannot believe in an intention of the parties

to express it as a condition of liability does the above-noted exception apply."

Where the contract of guaranty, by its terms, covers a loan payable in six months, the parties who have become obligated as guarantors of such agreement cannot, without their consent, be bound to extend the terms of their agreement so as to cover a loan made payable in four months instead of six. Such a departure in the terms of the loan cannot be said to be a wholly immaterial one. *Chandler Lumber Co. v. Radke, supra; Robertson v. Southwestern Co.,* 136 Ark. 417; *Warren v. Lyons,* 152 Mass. 310; *Bacon v. Chesney,* 1 *Stark.* (Eng.) 192; 2 C. J. 1200, sec. 46.

Plaintiff relies upon the case of *Koenigsberg v. Lennig,* 161 Pa. St. 171. The guaranty agreement in that case, by its terms, covered two notes of $1,600 each, one to be payable in one month and the other in two months. The principal obligation actually entered into did not conform to the guaranty agreement, since only one note was taken instead of two, and that was for $3,200, and to be payable in two months. The guaranty agreement, however, contained an express provision that no extension of time for payment of the notes should release the guarantors, and it was on the ground of that provision that the court held that the departure from the provisions of the guaranty agreement did not release the guarantors, saying (p. 175) : "The contract of guaranty distinctly provided that no extension of the notes should in any way affect or release the liability of the guarantors. The enlargement of the time of payment of one of the $1,600 notes for one month was nothing more than an extension of that note."

Upon the general finding of the trial court, resolving the issues of fact in favor of the defendants, we cannot see but that the taking of a four-months note, when the defendants had agreed to guarantee a six-months note, was such a material departure that they cannot be required, without their consent, to extend the provisions of their

guaranty agreement to cover the note actually taken.
The judgment is therefore

AFFIRMED.