PERRY *v.* PERRY.

5-2687                                           356 S. W. 2d 419

Opinion delivered April 23, 1962.

*Murphy & Arnold,* for appellant.

*Leon Reed* and *Alton Bittle,* for appellee.

SAM ROBINSON, Associate Justice.   In October, 1945, C. W. Vincent and his wife, for the consideration of $1,100.00, conveyed by Warranty Deed to J. C. Perry and his wife, Mabel, a tract of land consisting of about 16 acres. The Perry's son, Charles, was in the army at the time and with his consent about $900.00 of his money was used in making the purchase. Mrs. Perry took the deed home and placed it among Charles' effects.

Charles returned from the army in 1947 and Mrs. Perry delivered to him the deed. She contends that the property was bought for Charles. He took the deed to the scrivener (not the grantor) who had drawn it originally and had it changed by erasing and marking out the names of the original grantees, J. C. Perry and Mabel Perry, his wife, and writing Charles E. Perry, his own name, thereon as the grantee. He then had the deed placed of record.

Charles' mother and father, J. C. and Mabel Perry, the original grantees, continued to live on the land. In 1947 Charles sold three acres of the 16 acres to Other Vance for the consideration of $650.00. In 1957 Mabel Perry separated from J. C. Perry and moved from the property, although there has been no divorce.

In 1960 Charles and his wife went to the place involved and attempted to physically eject J. C. Perry from the property by force. Quite a fight took place. J. C. struck Charles with a hammer and Charles' wife shot at J. C. with a shotgun.

In August, 1960, Charles and his wife executed and delivered to Charles' Mother, Mabel, a Warranty Deed to the property. In October, 1960, Mabel, claiming sole ownership under the deed from Charles, filed this action in Circuit Court to eject J. C. Perry from the property. He answered alleging that he and Mabel bought the property from the Vincents in the first instance but that the deed had been altered and further that he had acquired the property by adverse possession. On defendant's motion, the cause was transferred to Chancery Court and the Chancellor held that Mabel Perry is the owner and J. C. Perry has appealed.

The deed shows on its face that it was oigrinally made to ''J. C. Perry and Mabel Perry, his wife'' as the grantees and that it has been altered to show ''Charles E. Perry'' as the grantee. The deed executed and delivered by the Vincents showing J. C. Perry and his wife, Mabel, as grantees, conveyed the title and vested an estate by the entirety in the Perrys. Charles could.

not thereafter—two years after the deed was executed and delivered—divest them of title by merely altering the deed by which they had acquired title.

Charles was not one of the parties to the conveyance and his alteration of the deed in the circumstances did not affect the title conveyed by it as originally drawn. It is true that in the case of *Inglish* v. *Breneman,* 5 Ark. 377, the Court, in discussing a promissory note, said that the alteration by the parties or any other person voids the instrument, and in *Williams* v. *Welch,* 223 Ark. 214, 266 S. W. 2d 61, the Inglish case is cited for the principle that any alteration in a material part of any instrument voids it, but then the Williams case was decided on the proposition of whether fraud was perpetrated by one of the parties in the instrument involved.

In *Andrews* v. *Calloway,* 50 Ark. 358, 7 S. W. 449, the Court announced the rule that is in accord with the great weight of authority. The Court said: "It is now the settled doctrine of the courts that alteration of an instrument by a stranger (an act commonly called spoliation) has no effect on the rights or liability of the parties." In *Woods* v. *Spann,* 190 Ark. 1085, 82 S. W. 2d 850, it is stated: "An alteration, to have the effect of avoiding an instrument, must not only be material, but must be made by a party or privy to the instrument, or with his knowledge or consent." In *Robertson* v. *Southwestern Company,* 136 Ark. 417, 206 S. W. 755, the Court quoted with approval from 2 Corpus Juris 1200 as follows: "Where the change is made by one who is or was the agent of one of the parties, but without authority from the principal, either express or implied from the circumstances, to make any changes, and the matter is outside the scope of his particular employment, the act is generally considered to be a mere spoliation and has no effect upon the instrument or the rights and liabilities of the parties thereto . . ."

In *Tiffany on Real Property,* 3rd Ed., Vol. 4, Pg. 43, it is said: "The substitution of another name as that of the grantee, without the grantor's consent, can ob-

viously not operate to vest title in the person whose name is substituted."

Charles is not a party to this action and did not testify. Mabel acquired nothing in the deed from Charles. He had nothing to convey because his altering of the deed from the Vincents to J. C. and Mabel Perry did not divest them of title. It necessarily follows that J. C. and Mabel Perry still own the property as an estate by the entirety.

Reversed.

BOHLINGER, J., not participating.