FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER FOR
UEHLING STATE BANK, APPELLEE, V. WILLARD D. HEYNE,
APPELLANT.
417 N.W.2d 162

Filed December 31, 1987.    No. 86-299.

John F. Kerrigan and David G. Hartmann of Kerrigan, Line & Martin, for appellant.

Thaddeus G. Fenton, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

On November 13, 1985, the Federal Deposit Insurance Corporation (FDIC) filed a petition at law seeking judgment against Willard D. Heyne. The FDIC had previously been appointed as receiver of the Uehling State Bank after the Department of Banking and Finance of the State of Nebraska determined that the bank was insolvent. The petition alleges that "[o]n or about August 20, 1984 Robert E. Johnson borrowed $17,900.00 from Uehling State Bank and that said borrowing was made under terms of a mortgage note . . . ." The petition further alleges that "[o]n or about January 4, 1978 the Defendant Willard Heyne executed a continuing guaranty to the Uehling State Bank unconditionally and continually guarantying the prompt payment to the Uehling State Bank when due of any and all notes at any time made by Robert and MaeNell Johnson . . . ." Copies of the mortgage note and the guaranty were attached as exhibits A and B. Finally, the petition alleges that Robert E. Johnson defaulted on the note and that the FDIC is entitled to judgment thereon against the defendant by reason of the guaranty agreement.

The defendant demurred to the petition on the grounds that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled by an order dated February 18, 1986. The defendant elected to stand upon his demurrer, after which a default judgment was entered against him.

The defendant appeals from the judgment, and in his first assignment of error alleges that the petition does not state a cause of action because the written guaranty agreement is limited to the joint debts of two persons and does not cover a note signed by one of them. The guaranty agreement, exhibit B, states in relevant part as follows:

I hereby request Uehling State Bank to give and

continue to give credit to *Robert & MaeNell Johnson* and in consideration of all and any such credit given, I hereby unconditionally guarantee prompt payment to the Uehling State Bank when due, of any and all notes at any time made by said debtor to said bank and any renewal or renewals thereof, together with any other indebtedness (now existing or hereafter incurred) of said debtor to said bank arising from overdrafts, notes discounted or otherwise.

(Emphasis supplied.) The note which is the subject of the action was signed by Robert E. Johnson only.

The issue here is whether the guaranty agreement covers both the joint and individual debts of Robert and MaeNell Johnson. The FDIC asserts that this is a question of fact, while the appellant asserts that it is a question of law.

Nebraska adheres to the rule of strict construction of guaranty contracts. In *Hunter v. Huffman*, 108 Neb. 729, 189 N.W. 166 (1922), this court said: "The rule of *strictissimi juris* applies in determining the effect of a contract of guaranty. When the meaning of the contract is ascertained, or its terms are clearly defined, the liability of the guarantor is controlled absolutely by such meaning and limited to the precise terms." (Syllabus of the court.) See, also, *Bash v. Bash*, 123 Neb. 865, 244 N.W. 788 (1932) (quoting and approving this language from *Hunter*). We have also held that the liability of a guarantor is not to be enlarged beyond the strict terms of the contract. See *Furst v. Kruger*, 132 Neb. 54, 271 N.W. 156 (1937). With these rules in mind, we hold that the guaranty agreement was clear and unambiguous and required no construction. The agreement guaranteed the debts of Robert *and* MaeNell Johnson, and not Robert *or* MaeNell Johnson. The guaranty does not, therefore, extend to cover the individual debts of Robert Johnson.

Although this precise issue has not been litigated often, several other courts have come to the same conclusion on similar facts. See, *Hamilton Trust Co. v. Shevlin*, 156 A.D. 307, 141 N.Y.S. 232 (1913), *aff'd* 215 N.Y. 735, 109 N.E. 1077 (1915) (court holds that guaranty covering loans to five persons does not cover loans made to four of the five persons, and the

judgment sustaining the demurrer was therefore proper); *O'Grady v. Bank*, 296 N.C. 212, 250 S.E.2d 587 (1978) (guaranty covered only the joint and several debts of the three individuals listed as obligors).

The order of the district court overruling the demurrer was, therefore, improper, and the cause is reversed and remanded for further proceedings not inconsistent with this decision. Given the nature and effect of this holding, it is unnecessary for us to address the appellant's second assignment of error.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.