# STATE OF MICHIGAN

# COURT OF APPEALS

FIRST NATIONAL BANK OF OMAHA,

        Plaintiff-Appellee,

v

DOUGLAS NAGEL,

        Defendant-Appellant,

and

HI-TECH/FPA, INC.,

        Defendant.

UNPUBLISHED
August 4, 2015

No. 322093
Kent Circuit Court
LC No. 13-006483-CK

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant, Douglas Nagel, appeals as of right the trial court's judgment entered in favor of plaintiff First National Bank of Omaha following a grant of summary disposition to plaintiff pursuant to MCR 2.116(C)(10). We affirm.

Hi-Tech/FPA, Inc. (hereafter Hi-Tech) CEO Guy Roberts entered into a commercial credit card agreement with plaintiff. Defendant signed a guaranty agreement making him a personal guarantor of Hi-Tech's credit card account with plaintiff. Relevant terms of the guaranty provided that "[n]o waiver, modification, release, or revocation of this Guaranty or any liability created hereunder shall be effective unless in writing and signed by FNBO," and that "[n]o termination or revocation by any Guarantor shall operate to relieve such Guarantor from its responsibility for indebtedness arising prior to the fifteenth (15th) day following receipt of written notice by FNBO at [address], Attention: FNCCC Legal, which notice must be sent by certified mail, return receipt requested. This Guaranty may not be amended except in writing signed by FNBO and the Guarantor(s) bound by the amendment." Roberts subsequently faxed a letter to plaintiff which read, in relevant part, "Please remove Doug Nagel as guarantor on the account . . . . Please contact me should you have any questions regarding this." Plaintiff mailed Hi-Tech a new guaranty contract so Hi-Tech could appoint a new guarantor, but Hi-Tech did not return it. Defendant never personally contacted plaintiff to revoke his status as guarantor. Hi-Tech began to accrue past due amounts owed to plaintiff, defaulted on its payment obligations,

-1-

and ultimately ceased to do business. Plaintiff filed a complaint against defendant for breach of contract and accounts stated for the past due amount of $48,849.28 plus costs, interest, and attorney's fees. The trial court granted plaintiff's motion for summary disposition under MCR 2.116(C)(10), and entered judgment for plaintiff.

On appeal, defendant argues that he established a genuine issue of material fact whether the revocation was valid. We review de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455; 597 NW2d 28 (1999). In deciding if an issue of material fact exists, we view all affidavits, pleadings, depositions, admissions, and documents in a light most favorable to the opposing party. *Id*. at 454.

The guaranty provided that it "shall be construed according to the laws of the State of Nebraska." Accordingly, we look to Nebraska law in construing the guaranty. Under Nebraska law, the intention of the parties to a contract is determined solely from the contents of the contract. *Gibbons Ranches, LLC v Bailey*, 289 Neb 949, 959; 857 NW2d 808 (2015). A contract's clear and unambiguous language is not subject to interpretation or construction and must be enforced according to its terms. *Daehnke v Nebraska Dep't of Social Servs*, 251 Neb 298, 304; 557 NW2d 17 (1996). A court may not rewrite a contract where its terms are expressly stated. *Kozlik v Emelco, Inc*, 240 Neb 525, 536; 483 NW2d 114 (1992). Where a guaranty contract's meaning is ascertained or its terms clearly defined, "the liability of the guarantor is controlled absolutely by such meaning and limited to the precise terms." *Prod Credit Ass'n of Midlands v Schmer*, 233 Neb 749, 755; 448 NW2d 123 (1989), quoting *Fed Deposit Ins Corp v Heyne*, 227 Neb 291, 293, 417 NW2d 162 (1987).

The parties' guaranty unambiguously required the revoking guarantor to send a written and signed notice of revocation to plaintiff at a specific address, by certified mail with return receipt request, to the attention of FNCCC Legal. The guaranty also required plaintiff to sign the revocation. It is undisputed that Roberts, not defendant (the guarantor), sent the purported revocation letter. Moreover, Roberts faxed the letter, rather than sending it by certified mail to the specified address with return receipt requested. Roberts also did not address the letter to the attention of FNCCC Legal. Finally, defendant did not sign the letter, nor did Roberts obtain plaintiff's signature agreeing to the revocation. The purported letter of revocation thus did not meet the guaranty's unambiguous requirements for a valid revocation. Therefore, by the plain meaning of the guaranty, see *Prod Credit Ass'n of Midlands*, 233 Neb at 755 (quotation and citation omitted), the purported revocation did not "operate to relieve" defendant of his "responsibility for indebtedness," and he remained liable for Hi-Tech's subsequent balances on its credit card account with plaintiff. Defendant has not established a genuine issue of material fact as to the validity of the revocation. *Smith*, 460 Mich at 455. Plaintiff was thus entitled to summary disposition under MCR 2.116(C)(10) and the trial court properly entered judgment in

favor of plaintiff. *Id*.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens