## Davis v. Murphy.

Opinion delivered May 7, 1928.

*Pat McNally* and *Jordan Sellers,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

Humphreys, J. This suit was brought by appellee against appellants in the chancery court of Union County to recover $2,125.60, including interest, evidenced by a promissory note for $1,650 dated August 19, 1922, and to foreclose a mortgage of even date therewith on an eighty-acre tract of land in said county by appellants to appellee to secure same.

Appellants filed an answer, alleging that the note and mortgage were executed and delivered on Sunday, August 20, 1922, and that the note was executed by J. A.

Davis, one of the appellants, as surety merely, and the mortgage executed by both appellants as security for the note, neither of them having received any consideration therefor.

The cause was submitted upon the pleadings and testimony adduced, resulting in a judgment against appellant J. A. Davis for $2,125.60, the foreclosure of the mortgage lien, and an order of sale of the lands to satisfy the judgment, from which is this appeal.

The facts are undisputed. In June or July, 1922, E. E. Davis was desirous of obtaining a loan of $1,650, and his father, J. A. Davis, agreed to sign his note for that amount and to execute a mortgage on eighty acres of land in Union County to secure same. E. E. Davis arranged to get the money from appellee, but did not inform his father with whom he was negotiating, nor did he inform appellee that he was securing the loan by mortgage upon his father's land. On Sunday, August 20, 1922, by arrangement over the telephone, E. E. Davis, J. A. Davis, J. W. Foster and Mattie M. Davis met, either at the home of E. E. Davis or of a justice of the peace by the name of W. R. Pickering, to execute a note and to secure same by mortgage on an eighty-acre tract of land in said county belonging to J. A. Davis. A question was raised about the legality of papers executed on Sunday, so the parties present agreed among themselves to date the note and mortgage on Saturday, August 19, instead of August 20. This was done, and, after the note and mortgage were executed, they were turned over by the justice of the peace to E. E. Davis, the principal in the note. Appellee, the payee in the note and the grantee in the mortgage, was not informed that they were executed on Sunday, and never received information to that effect until appellants filed their answer to his foreclosure suit. On Monday morning, August 21, 1922, E. E. Davis presented the note and mortgage to appellee and received the consideration in money expressed therein. There were no negotiations between appellants and appellee relative to the transaction. They never had any com-

munication with each other about the matter until after the maturity of the note. In the view we take of the case it is unnecessary to state what occurred between them after the maturity of the note relative to the collection and payment of same.

Appellants contend for a reversal of the judgment upon the ground that the delivery on Sunday of the note and mortgage after their execution to E. E. Davis was a delivery of them on the Sabbath day to appellee, the payee in the note and the grantee in the mortgage. It is the settled rule in this State that instruments delivered on Sunday are void. *Tucker* v. *West,* 29 Ark. 386. The controlling factor, with reference to the validity or invalidity of such instruments, is their delivery and acceptance, and not their execution, because they do not become effective until delivered and accepted. Appellants bottom their contention that the note and mortgage were delivered to appellee on Sunday upon the theory that E. E. Davis, the maker of the note, was the agent of appellee. We do not think the basis of their contention sound. E. E. Davis was under no legal duty to present the note and mortgage to appellee after they were executed and turned over to him. Appellee had no legal right to demand them on a tender of the money. E. S. Davis was the maker and the owner of the note. He had a perfect right to destroy the note and the mortgage and never take or accept the loan. He had procured the signatures of his father and J. W. Foster as accommodation sureties on the note and a mortgage on eighty acres from his father and mother to secure his note, in which instrument appellee was designated as the payee, but appellee had no vested right in or to the note and mortgage, as he had not paid a cent for them, and did not do so until presented to him by E. E. Davis on Monday. E. E. Davis was not acting for appellee or in any sense representing him. He was acting and representing himself. He was the maker and owner of the note until he

186

negotiated same by delivery to appellee. This was not done until Monday, hence the transaction was not a Sabbath day, but a week day, contract.

No error appearing, the decree is affirmed.