BURNETTE *v.* ELSESSER.

Opinion delivered December 23, 1929.

*Robertson & Gathings,* for appellant.
*Brewer & Cracraft,* for appellee.

McHANEY, J. Appellee, a young man about twenty-three, being the owner by inheritance from his father of the south part of lot 18 and all of lot 19 in Elsesser's subdivision to the city of Helena, contracted in writing, May 10, 1927, to sell the south part of lot 18 to Jean T. Brown for a consideration of $350. A conveyance was not immediately consummated, as the parties agreed to postpone it until the lapse of one year after the death of appellee's father for the filing of claims against his estate. Thereafter, on October 2, 1927, which was Sunday, appellee executed and delivered a warranty deed covering both lot 19 and the south part of lot 18 to appellant, the deed being dated October 1, 1927. There were valuable improvements on lot 19, same being rented to appellant at the time, and was incumbered by a mortgage for $3,000 to the Guaranty Loan & Trust Company, executed by appellee's father. The agreed consideration for this conveyance was the assumption by appellant of the $3,000 mortgage, the payment of the accrued interest of $120, insurance premium, and, according to appellant, $350 in cash, but according to appellee, $150 in cash, neither of which sums, however, was ever paid. The proof showed the equity in the property to be worth from $3,000 to $5,000 above the mortgage, and that

appellee, while not an incompetent, was young, inexperienced in real estate matters, knew nothing about the value of his inheritance, and was without funds to pay the semiannual interest then due on the mortgage. He was advised by appellant that, unless the interest was paid, the mortgage would be foreclosed, he would lose the property to the loan company, and might involve other of his property. This deed, prepared by appellant's counsel, recited a consideration of $10 and other good and valuable considerations. In it appellant did not assume or agree to pay the mortgage indebtedness, but the conveyance was made subject thereto.

On February 20, 1928, Jean T. Brown brought suit against appellee and appellant for specific performance of her contract, and thereafter appellee brought suit against appellant to cancel said deed on account of the matters above stated, and the additional ground that the deed was void as a Sunday contract. Appellee admitted that he was bound by his contract to convey to Mrs. Brown, but could not do so because of his deed to appellant, and that the south part of lot 18 was fraudulently included in the deed to appellant, without his knowledge or consent.

A decree was entered canceling the deed to appellant on the ground that all negotiations leading up to its execution, as well as the actual execution and delivery of the deed itself, occurred on Sunday. The suit of Mrs. Brown was dismissed for want of equity, as appellee offered to convey to her in the event his deed to appellant was canceled. Although Mrs. Brown has appealed, she is not interested if the decree is affirmed.

We think the court correctly canceled the deed to appellant. The evidence is practically undisputed that the deal was agreed to on a Sunday, and is wholly so that the deed was executed and delivered on Sunday. This being so, the deed was void, unless it was subsequently ratified on a week day. *Davis* v. *Murphy,* 177 Ark. 183,

5 S. W. (2d) 936. Appellant says he went into possession, made valuable improvements, and that appellee ratified the conveyance. None of these defenses were pleaded, but, even though they had been, they cannot be sustained. He was already in possession as tenant, and no new possession was taken under the deed. He paid appellee nothing; therefore no restoration could be made. Appellee merely acquiesced in the conveyance for about six months before seeking to cancel, which is insufficient to constitute ratification.

True, appellant paid the interest on the mortgage and made some repairs, all of which the court offset against the rents due appellee. We do not think this sufficient to constitute ratification. Moreover, the consideration was grossly inadequate, and, when this fact is coupled with the other inequitable conduct of appellant, such as failure to assume the indebtedness in the deed, the inclusion therein of the south part of lot 18, which was already under contract to Mrs. Brown, to appellant's knowledge, failure to pay any part of the cash consideration to appellee, together with appellee's youth and inexperience, was sufficient to justify the court in canceling the deed.

We find no error, and the decree is accordingly affirmed.