ARK-LA ELECTRIC COOPERATIVE, INC., v. RANDALL.

4-7019                                    169 S. W. 2d 874

Opinion delivered April 5, 1943.

*Thomas B. Fitzhugh,* for appellant.

*A. D. Shelton,* for appellee.

HOLT, J. Appellees, E. A. Randall and Harry B. Howard, brought separate suits against appellant to recover damages for land taken by appellant for right-of-way purposes for a power line across tracts of land owned by them.

Appellee, Randall, alleged, among other things, that he owned 80 acres of land, approximately eight acres of which appellant had taken for right-of-way purposes; that he executed a "right-of-way easement" form presented to him by appellant under a misunderstanding; that said easement was executed and delivered by him on Sunday, was without consideration and void, and prayed for damages in the amount of $2,000.

Appellee, Howard, alleged that he executed, in favor of appellant, a similar right-of-way easement to that executed by Randall; that appellant had taken approximately 3 1/3 acres of the land described in the easement for right-of-way purposes; that said right-of-way easement had been nullified and voided after its execution and delivery to appellant for the reason that it "was materially altered and changed without plaintiff's (appellee's) consent by adding descriptions of other real estate owned by plaintiff in Garland county, Arkansas," amounting to 14 acres and that "the right-of-way was taken across and on this said 14 acres." There was a prayer for damages in the amount of $1,000.

The two causes were consolidated for the purpose of trial. Upon a somewhat lengthy hearing at which many witnesses testified, both for the appellant and the appellees, the court found, among other things, that "the

right-of-way easement granted the defendant by the plaintiff, Harry B. Howard, should be canceled, in so far as the same affects the right of the said plaintiff to damages for the appropriation and taking of said right-of-way, for the reason that the defendant has made an alteration of a material part of said grant by adding descriptions of other property owned by said plaintiff to the easement (which other property was affected by the easement), since the execution and delivery of said easement to the defendant, said alteration being made without consent of plaintiff; that the right-of-way easement granted by the plaintiff, E. A. Randall, to the defendant should be canceled, in so far as it affects the right of said plaintiff to damages for the taking and appropriation of said right-of-way, for the reason that said instrument of easement was executed and delivered by the plaintiff, E. A. Randall, to the defendant on Sunday, March 8, 1942, and being void because of its execution and delivery on Sunday has not been subsequently ratified by said plaintiff on any week day."

There was a decree for appellee, Randall, in the amount of $430, and for appellee, Howard, in the amount of $398.50. This appeal followed.

Appellant says: "This appeal is made in the belief that excessive damages were allowed, and that in the case of appellee Randall the Sunday execution was valid. In the case of appellee Howard the additional description was added with his tacit if not formal approval."

It is conceded that the Randall right-of-way easement was executed and delivered on Sunday. Under many decisions of this court this would invalidate the easement unless it were subsequently ratified on a week day. In a comparatively late case, *Burnette* v. *Elsesser*, 180 Ark. 750, 22 S. W. 2d 386, this court said: "We think the court correctly canceled the deed to appellant. The evidence is practically undisputed that the deal was agreed to on a Sunday, and is wholly so that the deed was executed and delivered on Sunday. This being so, the deed was void, unless it was subsequently ratified on a week day. *Davis* v. *Murphy*, 177 Ark. 183, 5 S. W.

2d 936.'' See, also, *Motor Securities Co., Inc.,* v. *Duck,* 198 Ark. 647, 130 S. W. 2d 3.

After a careful review of the evidence on this issue it is our view that the chancellor's finding that there had been no subsequent ratification on a week day is not against the preponderance of the testimony.

In the Howard case it is conceded that the easement was altered, by appellant, by the addition of an added description of other land amounting to approximately 14 acres, but appellant argues that the additional land was added with Howard's tacit, if not formal approval. We can not agree with this contention. After reviewing the evidence (and we think it unnecessary to set it out in this opinion) we cannot say that the chancellor's finding that these 14 acres were added without the consent of appellee is against the preponderance of the testimony.

As early as *Inglish et al.* v. *Breneman,* 5 Ark. 377, 41 Am. Dec. 96, this court, on the effect of a material alteration in any instrument, said: ''The principle extracted from all the cases is that any alteration in a material part of any instrument or agreement, avoids it, because it thereby ceases to be the same instrument. It is a rule, founded in good sense and policy, and protects the integrity of such instrument from violation by refusing to alter them. Every sanction to their safety and uninterrupted circulation, free from alteration, should be afforded.'' See, also, *Woods* v. *Spann,* 190 Ark. 1085, 82 S. W. 2d 850; *Lea* v. *Bradshaw,* 192 Ark. 135, 90 S. W. 2d 487; and *Ouachita Rural Elec. Co-op. Corp.* v. *Bowen,* 203 Ark. 799, 158 S. W. 2d 691.

Appellant's primary contention is that while it wants ''to pay a just and fair damage to the appellees'' for the land taken, the damages awarded are excessive, and that Randall should be awarded damages in the amount of $40, and Howard in the amount of $12.50, in accordance with the schedule of awards for damages appearing on the back of each of the easements involved, and says in its brief that ''Should the court agree with appellant on the validity of the Sunday execution of the Randall easement and the alterations of the Howard easement, then technically the appellees would have no right to pay-

ment other than under the schedule appearing on the back of the easement. The appellant, however, is not insisting on this technical construction but rather prefers that the court make its own determination of the damages.''

The testimony on the issue of damages was conflicting. It could serve no useful purpose to review it here. While we try the issues *de novo,* unless we can say that the findings of the trial court were against the preponderance of the testimony presented, it is our duty to affirm. After a careful review of all the testimony, we think the preponderance supports the chancellor's view and that the damage awards are not excessive. Finding no error, the decree is affirmed.