STANDARD SECURITIES COMPANY *v.* REPUBLIC MINING & MANUFACTURING COMPANY.

4-7371                                                 180 S. W. 2d 575

Opinion delivered May 22, 1944.

*Kenneth C. Coffelt* and *E. M. Arnold,* for appellant.

*Ernest Briner,* for appellee.

Holt, J.   July 27, 1943, appellant sued appellee to cancel a tax deed issued to appellee by the county clerk on February 8, 1939, as a result of a collector's sale on November 2, 1936, for taxes for 1935.   The land involved is described as "NE¼ of the NE¼ of section 17, Twshp. 2 S., R. 13 W., containing 38.37 acres, more or less" in Saline county, Arkansas.

Appellant alleged that it was the owner of the land, and the clerk's tax deed was void for certain reasons, among them being that the clerk of Saline county failed to record the delinquent list of lands as returned by the collector for the year 1935, and failed to make the certification of the publication of the delinquent list before the day fixed for the sale of said land.   Appellee, in its answer, alleged that it purchased the land at a tax collector's sale in 1936 for the 1935 taxes, in the amount of $4.83, and was issued a deed by the county clerk, February 8, 1939, pleaded the two-year statute of limitations as a bar to appellant's suit and that appellant was further barred from maintaining the action because it had failed to pay the 1935 tax assessed against said land. Upon a trial, the court found the issues in favor of appellee, and from the decree comes this appeal.

The cause was tried upon an agreed statement of facts, the essential parts of which are set out in appellee's brief as follows: "That appellant claimed title to said land under deed from Marion Wasson, bank commissioner, in charge of the bank at Bauxite, dated September 19, 1934, and that all taxes prior to the year 1935 had been paid by appellant or those from whom it took title; that appellant (plaintiff) did not pay the taxes assessed against said land for the year 1935, which taxes were due and payable in 1936; that said land was sold to appellee at the county tax collector's sale, held in 1936 at the time and place provided by law, for nonpayment of the taxes for the year 1935 which were due in 1936, and the land not having been redeemed the county clerk executed a

deed to appellee, which deed is dated February 8, 1939, and is recorded in deed record book 31, at page 427 of the deed records of Saline county, Arkansas, and said deed and record thereof was introduced in evidence, and that appellee claimed title to said land under said deed; that appellant paid the taxes against said land for the year 1936 due in 1937, as shown by tax receipt No. 2636, dated April 24, 1937; that appellee also paid the taxes for said year as shown by tax receipt No. 2465, dated April 19, 1937." Appellant paid the taxes for 1938, 1939 and 1940. Appellee paid the taxes for 1937, 1941 and 1942.

He further alleged "That appellant wrote a letter to appellee offering to refund all taxes paid by it, and letter of reply by appellee to appellant, dated April 17, 1942, advising appellant that the taxes for 1935 payable in 1936 were not paid and the land was sold to appellee for the taxes on November 2, 1936, and the land not having been redeemed during the period permitted by law the clerk on February 8, 1939, issued to appellee a deed, and offering to refund to appellant the taxes paid since said forfeiture; that the tax sale of said land was held on November 2, 1936, and that the certification of the publication of the delinquent list of taxes in Saline county by the county clerk of said county was dated November 2, 1936, as shown by the testimony of the present clerk of Saline county, who was called as a witness by appellant and by whom appellant introduced said record contained in the permanent records of Saline county, Arkansas; that appellee then offered to prove by witness Leo Herzfeld, ex-county clerk of Saline county, who made the certification of the publication of the delinquent list of taxes and record thereof in the year 1936, that the certification of the publication of said delinquent list of taxes was actually made several days prior to November 2, 1936, the date of sale, even though the records show it was made on November 2, 1936, and that he (the clerk) thought it was necessary to date it the date of sale in order to be valid. Which testimony was offered by appellee and was refused by the court, to which action of the court the appellee saved its exceptions."

It appears that the clerk's certificate of publication of the notice of sale was not made prior to the sale of the land in question, but was made on the date of sale. This invalidated the sale.

In *Townsend* v. *Penrose,* 84 Ark. 316, 105 S. W. 588, this court said: "The clerk failed to keep a record of the tax sales in compliance with the statute, Kirby's Digest, § 7092; *Quertermous* v. *Walls,* 70 Ark. 326, 67 S. W. 1014. The clerk also failed to make and certify a record, before the day of sale, of the list of delinquent lands and notice of sale as required by statute. Kirby's Digest, § 7086 (now § 13848 of Pope's Digest); *Logan* v. *Eastern Ark. Land Co.,* 68 Ark. 248, 57 S. W. 798; *Hunt* v. *Gardner,* 74 Ark. 583, 86 S. W. 426. Either of these defects in the proceedings is sufficient to avoid the sale."

In the Logan case, *supra,* this court said: "The statute prescribes that the list of lands delinquent for non-payment of taxes shall be published for two weeks between certain specified dates, with a notice of the intent to sell them. Mansf. Dig., § 5762. It requires the clerk of the county court to record the list and notice of sale in a book to be kept in his office for that purpose, with a certificate showing in what newspaper it was published, for what length of time, and the date of publication. *Ib.,* § 5763 (now § 13848, Pope's Digest). The statute denominates this entry a record; it requires that it shall be made by the clerk before the sale, and provides that it shall be evidence of the facts it recites. *Ib.,* § 5763 (now § 13848, Pope's Digest). . . The court, in effect, held in *Martin* v. *Allard* that the provision of the statute requiring the clerk to record the certificate before the day of sale was mandatory. . . and the failure to comply with it becomes a defense to him against the sale, of which he cannot be deprived by any deed of the county clerk to the purchaser at the tax sale, as held in *Cooper* v. *Freeman Lumber Company,* 61 Ark. 36, 31 S. W. 981, 32 S. W. 494." See, also, the very recent case of *Cecil* v. *Tisher and Friend,* 206 Ark. 962, 178 S. W. 2d 655.

It being definitely settled by the cases, *supra,* that the failure of the county clerk to append to the recorded list of delinquent land, the certificate required by § 13848 of Pope's Digest, prior to the date of sale, invalidates the sale, the question remains as to the application of § 13874 of Pope's Digest to the facts in this case. That section reads as follows: "In all controversies and suits involving title to real property, claimed and held under and by virtue of a deed executed substantially as aforesaid by the clerk of the county court, the party claiming title adverse to that conveyed by such deed shall be required to prove, in order to defeat the said title, either that the said real property was not subject to taxation for the year (or years) named in the deed, or that the taxes had been paid before the sale, that the property had been redeemed from the sale according to the provisions of this act, and that such redemption was had or made for the use and benefit of persons having the right of redemption, under the laws of this state; or that there had been an entire omission to list or assess the property, or to levy taxes, or to give notice of the sale, or to sell the property. But no person shall be permitted to question the title acquired by a deed of the clerk of the county court, without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale, or that title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid. Provided, in any case where a person had paid his taxes, and, through mistake (or otherwise) by the collector, the land upon which the taxes were paid was afterward sold, the deed of the clerk of the county court shall not convey the title. Provided, further, in all cases where the owner of lands sold for taxes shall resist the validity of such tax title, such owner may prove fraud committed by the officer selling said lands or in the purchaser, to defeat the same, and, if fraud is so established, such sale and title shall be void. *Id.,* § 146."

It is stipulated that the original owner has not continuously paid the taxes on the land since its forfeiture and sale for the 1935 taxes in 1936. Since that time, the parties have alternated in the payment of the taxes, and the decree, from which this appeal comes, is based upon the finding of the court below that this § 13874 precluded appellant from questioning the tax sale for the reason that he had not paid the taxes subsequently.

Our holding in the case of *Cooper* v. *Foreman Lumber Company,* 61 Ark. 36, 31 S. W. 981, 32 S. W. 494, is opposed to this view. There this court construed § 6625 of Sandel & Hill's Digest, now appearing as § 13874 of Pope's Digest. It is there said: "Under the decisions of this court in *Cairo & Fulton R. Co.* v. *Parks,* 32 Ark. 131, and in *Radcliffe* v. *Scruggs,* 46 Ark. 96, a substantial 'meritorious defense' against a claimant under a purchase at tax sale cannot be denied or cut off by the legislature. In *Radcliffe* v. *Scruggs,* the court, by Mr. Justice SMITH, said: 'And by "meritorious defense" we mean any act of omission of the revenue officers in violation of law and prejudicial to his (the former owner's) rights or interest, as well as the jurisdictional and fundamental defects which affect the power to levy the tax or sell for the nonpayment. . . Our legislature and previous decisions have always distinguished class of defects (mere irregularities or informalities) which have no tendency to injuriously affect the taxpayer, and substantial defects, such as go to the jurisdiction of the levying court to levy a particular tax or of the power of the officer to sell for nonpayment or the omission of any legal duty, which is calculated to prejudice the landowner.' "

As indicated, under this holding, § 13874 did not, and could not, cut off appellant's meritorious defense to the tax sale in question.

Following the Cooper case, *supra,* it was held in *Logan* v. *Eastern Ark. Land Co.,* 68 Ark. 248, 57 S. W. 798, that the failure of the county clerk to append to the recorded list of delinquent lands the certificate required by Mansf. Digest, § 5763 (now § 13848, Pope's Digest), is a meritorious defense.

Appellee also argues that appellant's suit was barred by the two-year limitations statute, § 13883 of Pope's Digest. This contention we think to be untenable for the reasons set out in *Cecil* v. *Tisher and Friend, supra.* There is no claim here by appellee, the holder of the tax deed, of actual adverse possession of the land in question for two years. (§ 8925, Pope's Digest.)

It appearing from what we have said that appellant has shown a substantial meritorious defense against appellee's claim, growing out of his (appellee's) purchase at the tax sale, which cannot be denied or cut off by the legislature, we hold that the trial court erred in denying appellant the relief prayed. Accordingly, the decree is reversed and the cause remanded with directions to proceed in conformity with this opinion.