SCHUMAN *v.* LASÈR.

4-8332

207 S. W. 2d 308

Opinion delivered January 19, 1948.

*W. J. Kirby* and *U. A. Gentry,* for appellant.

*Owens, Ehrman & McHaney* and *Herschell Bricker,* for appellee.

SMITH, J. On June 27, 1927, the commissioners of Sewer Improvement District No. 94 of the City of Little Rock, brought suit to foreclose the lien of the district against certain lots in the district for delinquent assessments. A lot in this district owned by Mrs. Emma Thurman, the mother of appellee here, was not included in the original suit. On July 18, 1935, an amendment to the original complaint was filed, seeking to foreclose the lien for delinquent assessments for the year 1934 and prior years against numerous tracts of land, and among others a lot described as lot 22, block 23, Riverside Park, which description was used in all the subsequent proceedings to which the record in this case refers A foreclosure decree was rendered November 23, 1937, and a sale thereunder was had on March 16, 1938, at which sale the lot which is the subject matter of this litigation was struck off and sold to the district for the taxes, penalty and costs due thereon, amounting to $12.90. The commissioner making the sale issued to the district a certificate of purchase. Many other certificates for other lots were also issued to the district pursuant to the sale.

Subsequent to the sale by the commissioner, but prior to the expiration of the time allowed by law for redemption, the court appointed a receiver to take charge of all lots acquired by the district under which order redemptions could be effected only through application to the receiver, and the payment to him of all the taxes, penalty, interest and costs for which the lots had sold, plus 10 per cent thereof as the receiver's fee.

With the approval of the court, the receiver sold certificates of purchase held by the district to the lot in question, and a number of others, and appellant as assignee of certain of these certificates obtained a deed to the lot here in question. These certificates were sold for $5.40 each, which in most cases, as in this, was less than the taxes, etc., for which the lots had been sold. It is conceded that these sales were made without reference to the value of the lots. The testimony shows that the

lot here involved was worth more than $5,000. The certificates were assigned by the receiver August 14, 1943, and on the approval by the court of such sale and assignment of these certificates the commissioner who made the sale under the decree foreclosing the district's delinquent tax liens, presented to the court for its approval deeds based upon these assigned certificates, and the deeds from the commissioner were approved by the court.

Appellee who is the only heir of Emma Thurman, who for many years occupied, as owner, Lot 22, Riverside Park Addition, to the City of Little Rock, the lot here in litigation, removed from Little Rock and was unaware of the sale of the lot which she had inherited from her mother, and she paid the general taxes assessed against the lot under the discription of Lot 22, Riverside Park Addition. When she learned that her property had. been sold she filed an intervention in the foreclosure suit, in which she attacked the sale of her property and prayed the cancellation of the commissioner's deed thereto. This relief was prayed upon numerous grounds, but the only one we consider is that there is no tract of land in the improvement district described as Lot 22, Block 23, Riverside Park Addition. The indebtedness of the district, evidenced by bonds which it had issued, was paid in full on April 30, 1941.

It is conceded that there is no lot properly described as Lot 22, Block 23, Riverside Addition, but it is contended that there is a Lot 22, Riverside Addition, and it is insisted that the addition of the block number as a part of the description should be disregarded as mere surplusage.

The relief prayed was granted for the reason just stated and upon other grounds as well, and the commissioners' deed was cancelled as a cloud upon appellee's title, and this appeal is from that decree.

Upon the authority of the case of *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225, and *Shelton* v. *Byrom,* 206 Ark. 665, 177 S. W. 2d 421, appellant concedes the law to be as stated in headnotes to the case last cited reading as follows:

"A description of land in a tax proceeding must be such as will apprise the owner, without recourse to the superior knowledge peculiar to him as owner, that a particular tract of his land is sought to be charged with a tax lien; it must also be such as will notify the public what lands are to be offered for sale in case the tax is not paid.

"A description which is intelligible only to persons possessing more than the average intelligence or the use and understanding of which is confined to the locality in which the land lies is insufficient to support a sale for taxes."

One possessing knowledge which the description employed did not convey might have known that the *locus in quo* had been known as Worthen Sub-Division in which lands were described by block numbers and that there was a block No. 23. But in November 1889, which was prior to the time the sewer improvement district was formed, a Bill of Assurance was filed by the owner which provides that the lands embraced in the plat attached thereto should be forever known and designated as Riverside Park, and no reference is made to a sub-division by block numbers. There are 27 lots in the addition shown by the plat, numbered from one to 27 inclusive.

The west 30 feet of blocks 23 and 24 of Worthen Sub-Division were not included in the plat of Riverside Park and Lincoln Avenue, as extended on that plat, includes a portion of the lots formerly platted as block 23, Worthen Sub-Division. It was stipulated that the plat just referred to was the only plat of Riverside Park Addition on record. After this plat had been placed of record, all descriptions for general taxation purposes were made with reference to it. In other words, the plat attached to the Bill of Assurance superceded prior descriptions which referred to the lot as a part of Worthen Sub-Division.

Throughout all the proceedings leading to the execution of the commissioners' deed here canceled by the decree from which is this appeal, no lot was included

which was described as lot 22, Riverside Park Addition, but a lot was included described as lot 22, block 23, Riverside Park. According to the plat which superceded all other descriptions, the proper description of appellee's lot was lot 22, Riverside Park Addition. The use of the words "block 23" as part of the description tended to confuse the description and may not be disregarded as mere surplusage.

Inasmuch as appellee's lot was not proceeded against under its correct description, the sale thereof was void and the commissioners' deed was properly canceled inasmuch as appellee made a tender of all taxes, penalty, interest and costs which could be collected against the land.

This view accords with our holding in the case of *Massey* v. *Bickford,* 208 Ark. 685, 187 S. W. 2d 541, where a lot otherwise properly described was referred to as being in Fishback No. 2 Addition to the City of Ft. Smith, when there was in fact no No. 2 Fishback Addition, and the sale was held void for that reason. See, also, *Boswell* v. *Jordan,* 112 Ark. 159, 165 S. W. 295.

The owner of the area platted divided the area into lots without referring to the block shown on the Worthen Sub-Division, while the lot here in question was proceeded against as if it were a part of the Worthen Sub-Division which had been superceded. The description employed may have been, and in fact is confusing as to the property sold, and as the law requires that property proceeded against shall be so described that it may be located from the description employed we conclude that the court below in granting the relief prayed, correctly held that the lot had been proceeded against under an improper and defective description and the decree based upon that assumption and finding is accordingly affirmed.