STOUT *v.* HEALEY.

4-9106                                                    228 S. W. 2d 45

Opinion delivered March 6, 1950.

*Wm. J. Kirby,* for appellant.

*Robinson & Parke,* for appellee.

HOLT, J. This action involves the title to "Lot 3 of Joseph McCoppin's Subdivision of Lots 1, 2, 3 and 4. Block 27, Fulton's South Addition to Little Rock, Arkansas," which forfeited and was sold to the State for failure to pay the 1940 taxes levied against it. January 3, 1944, the State sold said property to W. I. Stout, Trustee, who in turn conveyed to Joe Cohn, both of whom were agents of Manie Schuman. The State filed suit to confirm title, and on October 10, 1944, appellees, John J. Healey, and his wife, Stella, in apt time, filed intervention before the confirmation of the sale in which they attacked the sale on many grounds, but relied "only upon the allegations that the description of the property in controversy was so defective, incomplete and unintelligible in the advertisement of delinquent lands that said lands could not be identified and that, therefore, there was a failure to advertise said land for sale as required by law, and consequently a failure of notice to the appellees that their property was delinquent and subject to sale."

Appellants answered admitting the forfeiture, sale and the execution of the above deeds, denied all other material allegations and "specifically pleaded the bar of § 13883 of Pope's Digest against the alleged defects in the tax sale."

Upon a trial, the court found the issues in favor of appellees, and from the decree comes this appeal.

For reversal, appellants first argue that the court erred in admitting in evidence a certified copy of the publications of the delinquent lands, lots, etc. in Pulaski County, Arkansas, as advertised in the Arkansas Gazette on October 25 and November 1, 1941, including a purported description of the property here in question. These published descriptions in the Gazette were as follows: ''Joseph McCoppins Subdivision of Lots in City of Little Rock — Young Men's Building Association — Lots 1, 2, 3, 4, blk. 27 Fulton s, lot 3.'' The correct description of appellees' property here involved, as above indicated, is ''Lot 3 of Joseph McCoppin's Subdivision of Lots 1, 2, 3, 4, Block 27, Fulton's South Addition to the City of Little Rock.'' In the circumstances, these Gazette publications were properly admitted in evidence.

We must bear in mind that the procedure in a tax sale such as this, is, in effect, *ex parte, Brodie* v. *Skelton,* 11 Ark. 120.

The only notice that the property owner has is the publication. He was not served with process or summons. The publication was therefore intended to be a substitute for personal service and there must be a substantial compliance with all requirements as to publication. It is not contended that the publications in the Gazette were not made as certified by the Gazette. To deny the property owner the right to introduce this published list of the lands advertised for sale for the purpose of showing that his property was not advertised as the law requires, or was so improperly described as to amount to no notice to him, would be to deny him the right to prove any irregularity. This evidence was therefore admissible under the provisions of Ark. Stats. (1947), § 15-105, ''Proof of publication—Affidavit and copy of publication.''

In the Brodie case, *supra,* this court said: ''Now actual service here is not pretended, but the application is to amend and uphold and heal defects in a service,

which, if perfect, could at best be constructive; and to conclude the rights of the appellants by force of law, while that law was not complied with. Such *ex parte* proceedings must be substantially complied with, and cannot be held to less strictness, before they can have any force. We perceive no sensible point at which we can stop, short of dispensing with publication altogether, if we once commence a dispensation, first with one, and then with another requisite of law; and the best rule is to require a compliance with every requisite or let all other acts and substitutes stand for nothing in a case where the rights of parties are liable to be taken away without any actual notice of the proceedings. * * * We therefore cannot dispense with any requisite of the law in making publication; and until it is shown that all the requisites are complied with, we must treat this, as well as every other decree, as void and inoperative on the rights of the parties concerned.''

The correct description identified appellees' property (Lot 3) as located in ''Fulton's South Addition,'' but as published and advertised in the Gazette, it was described as being in ''Fulton s, lot 3.'' The record reflects that there are two Joseph McCoppin's Subdivisions, and one McCoppin's Subdivision. There is also in existence both a ''Fulton's addition'' and a ''Fulton's South Addition.'' Which was intended in the publication? Could the average land owner, or a person of average intelligence, identify his property from the advertised description? We think not. In using the small letter ''s'' and not the capital letter ''S'' commonly and properly used as an abbreviation for ''South,'' the average person would be justified in concluding no mistake was made in using the small ''s'' but that the apostrophe had been inadvertently omitted and the description, ''Fulton's Addition'' was intended. Since appellees owned no property in that addition, the description did not describe their property, was no notice to them, and therefore the sale was void, and we so hold.

This court in *Cooper* v. *Lee,* 59 Ark. 460, 27 S. W. 970, said: ''It is said that the purposes in describing the land

are: 'First, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid may be notified what land is to be offered for sale for the non-payment; and, third, that the purchaser may be able to obtain a sufficient conveyance.' Cooley on Taxation (2d Ed.) 405. A description of land in a tax proceeding that does not sufficiently identify it 'defeats one of the most just and obvious purposes of the statute—that of giving the owner notice that his land is to be sold, so that he may pay the tax and prevent the sale,' or at least redeem his land before the expiration of the time allowed for that purpose. To effect the laudable purpose of protecting the owner, the description should be such as will be readily understood by persons even ordinarily versed in such matters. A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient. *Schattler* v. *Cassinelli*, 56 Ark. 172, 19 S. W. 746.''

Appellants also contend that appellees are barred by Ark. Stats. (1947), § 84-1118 (formerly § 13883, Pope's Digest) from questioning the tax sale at this late date. We cannot agree. Here, no contention is made that appellants had been in adverse possession of the lot in question. Appellees intervened before confirmation and have proceeded under Ark. Stats. (1947), § 84-1322, as was their right.

In *Standard Securities Company* v. *Republic Mining & Manufacturing Company*, 207 Ark. 335, 180 S. W. 2d 575, we said: ''Appellee also argues that appellant's suit was barred by the two-year limitations statute, § 13883 of Pope's Digest. This contention, we think to be untenable for the reasons set out in *Cecil* v. *Tisher and Friend* (206 Ark. 962, 178 S. W. 2d 655). There is no claim by appellee, the holder of the tax deed, of actual adverse possession of the land in question for two years. (§ 8925, Pope's Digest.)

Affirmed.

Justice GEORGE ROSE SMITH concurs.

Justice LEFLAR dissents.

GEORGE ROSE SMITH, J., concurring. I should like to mention one additional point which the majority think it unnecessary to discuss. In a fairly long line of decisions we have said that the county clerk's certificate is the sole evidence that may be introduced to show that the notice of sale was published. See, for example, *Cook v. Ziff Colored Masonic Lodge No. 119*, 80 Ark. 31, 96 S. W. 618. I add this concurrence only to say that I do not regard those decisions as controlling the present case.

In the earlier cases the fact situation was the converse of that now presented; that is, the clerk's certificate of publication was in some way defective, and extrinsic evidence was offered to show that the notice had been correctly published. We held that the statute required the clerk to make a complete and permanent record of the proceedings, which could not be supplemented by outside evidence. But here the notice contained a void description, yet the clerk erroneously certified that the property had been properly advertised. If extrinsic evidence is excluded in this situation a landowner whose land was completely omitted from the published notice is precluded from showing that he did not receive the notice required by the statute. As I do not think the legislature meant to give such conclusive effect to an error on the part of the clerk, I consider our earlier expressions to have been *dicta* to the extent that they might be thought to apply to the present situation.

LEFLAR, J. I respectfully dissent. It seems to me that the property description, as published in the Arkansas Gazette on Oct. 25 and Nov. 1, 1941, was clear enough that any person acquainted with Little Rock real estate would know that it applied to the lot owned by appellee and could not apply to any other lot either in Little Rock or anywhere else.

It is stated that there were other additions and subdivisions in the city of Little Rock with which, under the description employed, there might have been confusion.

The description employed was:

"Joseph McCoppins Subdivision of Lots in City of Little Rock—Young Men's Building Association—Lots 1, 2, 3, 4, blk. 27 Fulton s, lot 3." (The Young Men's Building Association was appellee's immediate vendor.)

There is in Little Rock a "Joseph McCoppin's subdivision of Lots 23, 24, 25, 26, Block 27, Fulton's South Addition to Little Rock, Ark.," but the difference between "lots 1, 2, 3, 4" and "lots 23, 24, 25, 26" makes it impossible to confuse this with the published description.

There is a "McCoppin's Subdivision of Block 10, Wat Worthen's Addition to Little Rock, Ark." That is not even slightly similar to the published description employed in this case.

There is a "Fulton's addition to the City of Little Rock, Ark." But there is no Joseph McCoppin Subdivision in it, and no one acquainted with Little Rock realty, reading the published description employed in this case, would think that it related to that "Fulton's Addition." The only McCoppin subdivisions that are in a Fulton Addition are parts of "Fulton's South Addition."

"Fulton's South Addition to the City of Little Rock, Ark." affords no basis for confusion, because it is the area of which the lot now in question is actually a part.[1]

If the published description of land advertised for tax sale is actually inaccurate, or if it is so incomplete as not to describe the land at all, the tax sale based on it should be set aside. But if the description is sufficient to identify the land conclusively to one who knows its proper description and who also knows any other descriptions with which it might be confused, then the description is adequate. The law does not require that the description be sufficient to identify the land to an owner who does not know the correct description either of his own land or of other land with a somewhat similar description, just as it does not require that the descrip-

[1] This analysis of Little Rock real estate descriptions is based not on judicial knowledge but rather on evidence introduced by appellee in the trial below for the purpose of establishing inadequacy of the published description.

tion identify the land to one who cannot read. It seems to me that in the present case the majority of the court are requiring a degree of perfectness in description that goes beyond practical usefulness in identifying land, and approaches dangerously the standard of perfection for perfection's sake.