DODSON v. THOMASON.

4-9256                                                    233 S. W. 2d 395

Opinion delivered October 23, 1950.

Rehearing denied November 20, 1950.

*Alonzo D. Camp,* for appellant.

*Sharp & Sharp* and *Fred MacDonald,* for appellee.

LEFLAR, J. Appellant brought ejectment for two town lots in appellees' possession in Brinkley, Ark. Appellees answered, filed a cross-complaint setting out title in themselves and praying that same be quieted by decree, and moved that the case be transferred to equity. The motion to transfer was granted, appellant's motion to re-transfer to Circuit Court was denied and, after hearing before the Chancellor, a decree was rendered dismissing appellant's complaint and quieting title in appellees in accordance with the cross-complaint. This appeal followed.

Both appellant and appellees have tax deeds from the State, and each of them thought his deed conveyed

the land in question, though the descriptions in each deed were inaccurate. A correct description of the land is "Lots 7 and 8 in the West half of the East half (W½ of E½) of Block B, Brinkley Car Works & Mfg. Co.'s Subdivision of the Town of Brinkley, Ark."

Appellees received deeds from the State to the two lots in 1936 and 1942 respectively, under descriptions which may without discussion be assumed to have been inadequate. They have been in possession and active occupancy under claim of title since those dates.

Appellant received his deed from the State in 1948. This deed was based on a 1940 tax sale to the State under the description "Lots Seven (7) and Eight (8) in the West Half (W½) of the East Half (E½) of Block 'B,' City of Brinkley," and the 1948 deed to appellant employed the same description. It is agreed that there are several Block B's within the City of Brinkley, the stipulation of the parties enumerating a Block B in Pat Howard's Addition which includes lots numbered 7 and 8 and a Block B in Emmons' Addition which includes lots numbered 7 and 8, as well as the Block B in the Brinkley Car Works & Mfg. Co. Subdivision which contains the lots numbered 7 and 8 which are now before us.

Extrinsic circumstances are suggested which might make possible an identification of the lots in question, apart from the incomplete description used in the tax sale and in appellant's deed. These circumstances do not suffice to validate the tax sale through which appellant derives his claim to title. The description was too indefinite to enable the owner or the public to identify the land being sold with that certainty which is requisite in tax sale proceedings. *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225; *Schuman* v. *Laser,* 212 Ark. 727, 207 S. W. 2d 308; Jones, Arkansas Titles, §§ 248, 250. And see *Stout* v. *Healey,* 216 Ark. 821, 228 S. W. 2d 45. Appellant has not shown good title in himself.

Appellant contends, however, that he should win because appellees' title is not good. Appellees are in possession, and apparently have been in possession for the

statutory period for acquisition of title by adverse possession. Ark. Stats. § 37-101. But appellant points out that there can be no adverse possession against the State, and concludes from this that appellees in this case can urge no claims based on adverse possession. That does not follow. Appellant acquired no title from the State through the tax sale and State deed described above. Even if the State does have a tax title in this land, which does not appear, appellant does not stand in the place of the State. Appellees are not pleading adverse possession against the State, but against appellant. Furthermore, appellant claiming in ejectment must succeed on the strength of his own title and not on the weakness of the title of his adversary. *Knight* v. *Rogers,* 202 Ark. 590, 151 S. W. 2d 669; *Jackson* v. *Gregory,* 208 Ark. 768, 187 S. W. 2d 547. In the complete absence of a showing of title in plaintiff (appellant), he could not win even though appellees' only showing was one of prior possession.

Appellant also urges error in the Chancellor's refusal to retransfer the cause to the Circuit Court. Appellees' answer and cross-complaint not only denied the allegations of appellant's complaint but also prayed that appellees' own title be quieted on the basis of facts alleged in the cross-complaint. This prayer for equitable relief was ample basis for retention of jurisdiction by the Chancery Court over the whole case. *Thomason* v. *Abbott, ante,* p. 281, 229 S. W. 2d 660. Appellant's motion to retransfer to the law docket was properly denied.

The decree is affirmed.