WILLIAMS *v.* WELCH.

5-318                                    266 S. W. 2d 61

Opinion delivered March 1, 1954.

[Rehearing denied April 12, 1954.]

*P. C. Goodwin, D. Leonard Lingo* and *Harry L. Ponder,* for appellant.

*Shelby C. Ferguson* and *Oscar E. Ellis,* for appellee.

MINOR W. MILLWEE, Justice.  On January 19, 1953, appellant, J. M. Williams, brought this action in ejectment against appellee, Ivan Welch.  In his complaint, appellant alleged title by mesne conveyances from Claude Coggins to a certain 3 acres of land in Fulton County, Arkansas; that appellee was in unlawful possession of the lands; and, that appellant had the right to possession. Appellant also asked $200 damages for injuries to the lands and fences surrounding the acreage.

In his answer, appellee admitted a common source of title, Claude Coggins, and admitted that appellee was in possession of the lands, but alleged his ownership by an unbroken record title stemming from Coggins. Further, the answer alleged appellant and his grantor, P. C. Goodwin, were estopped from claiming the lands in dispute because of an agreement between the parties that the property belonged to appellee.  In addition, adverse possession of the disputed lands by appellee was alleged.

At the trial to a jury, each of the parties introduced conveyances tending to show an unbroken chain of record title in himself to the 3-acre tract in controversy.  According to appellant's proof, Claude Coggins and wife deeded the lands to B. F. Hall, appellant's predecessor in title, on January 30, 1936, and the deed was recorded on October 25, 1952.  According to the deeds which appellee introduced, Claude Coggins and wife conveyed the lands to Cuthbert Pickren, appellee's predecessor in title, on October 16, 1943, and the deed was recorded December 23, 1946.  One of the deeds in appellant's chain of title was from B. F. Hall and wife to E. A. Manes dated May 11, 1942, and recorded September 27, 1945.

The Hall-Manes deed was introduced in evidence as an exhibit to appellant's testimony.  It appears that the deed was first written entirely in longhand, but that

a piece of paper containing the typewritten description of the land had been pasted over the original description written in longhand. P. T. Vail, the justice of the peace who took the acknowledgment of the deed, was unable to recall whether the typewritten matter was pasted on the deed at the time he took the acknowledgment, though he remembers it was generally in evidence at that time. He stated that if the typewritten matter was then on the deed he did not notice it. Further, there was evidence tending to show that the typewritten description pasted on the deed had also been altered and that this might have taken place after the deed was recorded.

Appellee and his father also testified that shortly after appellee purchased the lands in 1950, they went to the office of attorney P. C. Goodwin who deeded the lands in question to appellant. Appellant was then present at a conference in which Goodwin took the deeds of the parties and drew a plat of their respective lands indicating that the lands in question belonged to appellee. According to the testimony of appellee and his father, it was then and there agreed that appellee had title and right to possession of the 3-acre tract. Appellant admitted the conference but denied the agreement. While Mr. Goodwin appeared as a witness for appellant, he made no denial of appellee's version of the conference in his office. The plat which he allegedly drew at the conference was introduced by appellee.

Appellant correctly asserts that the only question raised as to the validity of his chain of title was whether there had been a material alteration, after delivery, in the Hall-Manes deed. We cannot agree with his further contention that the evidence is insufficient to show a material alteration of the deed. It is true that the title to support ejectment is not necessarily required to be shown by deeds which are absolutely perfect on their face. *Faulkner* v. *Feazel,* 113 Ark. 289, 168 S. W. 568.

It is equally well settled that a material alteration of a deed avoids it. In *Arkansas-Louisiana Elec. Co-op.*

v. *Randall,* 205 Ark. 646, 169 S. W. 2d 874, the court said: "As early as *Inglish, et al.* v. *Breneman,* 5 Ark. 377, 41 Am. Dec. 96, this court, on the effect of a material alteration in any instrument, said: 'The principle extracted from all the cases is that any alteration in a material part of any instrument or agreement, avoids it, because it thereby ceases to be the same instrument. It is a rule, founded in good sense and policy, and protects the integrity of such instrument from violation by refusing to alter them. Every sanction to their safety and uninterrupted circulation, free from alteration, should be afforded.' See, also, *Woods* v. *Spann,* 190 Ark. 1085, 82 S. W. 2d 850; *Lea* v. *Bradshaw,* 192 Ark. 135, 90 S. W. 2d 487; and *Ouachita Rural Elect. Co-op. Corp.* v. *Bowen,* 203 Ark. 799, 158 S. W. 2d 691." In *Phipps-Reynolds Co.* v. *McIlroy Bank and Trust Co.,* 197 Ark. 621, 124 S. W. 2d 222, the court, quoting from *Gist, Admr.* v. *Gans,* 30 Ark. 285, said: "But the practice of making erasures, interlineations and corrections in writings of all kinds is of such common occurrence that we do not think a presumption of fraud should be indulged and declared to exist because of their presence in a writing. The question is rather one to be determined by court or jury as the case may be in the light of all the evidence intrinsic and extrinsic, unaffected by any presumption." It is apparent from an inspection of the Hall-Manes deed that alterations were made. The question whether such alterations took place before or after delivery of the deed was correctly submitted to the jury under instructions which are not challenged, and the evidence is sufficient to sustain the finding in appellee's favor on this issue.

Appellant also contends that it was error to admit into evidence deeds offered by appellee in an attempt to show title. He argues that since his own predecessor in title took a deed to the disputed lands in 1936, then Coggins had no interest left to pass to appellee's predecessor in title by a deed dated in 1943. The able trial judge carefully and correctly instructed the jury that unless they found there had been a material altera-

tion in one of the deeds constituting appellant's apparently complete chain of title, then appellant had the paramount title because the deed from Coggins to appellant's predecessor in title was executed prior to the deed from Coggins to appellee's predecessor in title. The universal rule, repeatedly reiterated by this court, is that the plaintiff in ejectment must succeed on the strength of his own title and not on the weakness of title of his adversary who is in possession. *Dodson* v. *Thomason*, 217 Ark. 747, 233 S. W. 2d 395. Thus, even though the deed from Coggins to appellee's predecessor in title might be subject to defeasance, its invalidity would have no bearing on the jury's finding that there had been a material alteration in one of appellant's deeds which destroyed his chain of title. In 18 Am. Jur., Ejectment, § 56, it is said: "Since, in the absence of any element of estoppel, the defendant in ejectment may defeat recovery by showing title out of the plaintiff or right of possession in third persons, it necessarily follows that he may defeat such recovery by showing title in himself; and the fact that the defendant's title is insufficient is immaterial if the plaintiff is unable to show a complete and superior legal title." See, also, 28 C. J. S., Ejectment, § 35.

Another rationale upon which the admission of appellee's deed into evidence might be predicated is that the deed, though invalid, was properly introduced to support the "color of title" element essential to appellee's plea of adverse possession. See *Cofer* v. *Brooks*, 20 Ark. 542. Then, too, the rule above that plaintiff must recover on the strength of his own title admits of one exception: where the defendant is a mere trespasser invading the actual possession of plaintiff, the plaintiff can recover on prior peaceable possession alone. *Vanndale Special School Dist. No. 6* v. *Feltner*, 210 Ark. 743, 197 S. W. 2d 731. Here, introduction of appellee's deeds was important to establish that he was not a mere trespasser and to maintain the appellant's burden of proving good title in himself.

We find no error, and the judgment is affirmed.